UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | No. 13-151 |
| RICHARD GARRETT | * | SECTION "L" |

### ORDER & REASONS

Pending before the Court is Richard Garrett's *pro se* motion for compassionate release. R. Doc. 923. The government opposes the motion. R. Doc. 926. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

I. **BACKGROUND**

On January 24, 2014, Petitioner Richard Garrett pleaded guilty to Count 1 of a superseding indictment charging him with conspiring to distribute and possess with the intent to distribute controlled substances in violation of in violation of Title 21, United States Code, section 846 R. Doc. 173. On October 2, 2014, Mr. Garrett was sentenced to 120 months in the custody of the Bureau of Prisons to be followed by a five-year term of supervised release. R. Doc. 80. A $100 special assessment fee was also imposed. *Id.* at 5.

II. **PENDING MOTION**

Mr. Garrett has filed the instant *pro se* motion seeking compassionate release in light of the ongoing global outbreak of COVID-19. R. Doc. 923. Mr. Garrett seeks release based on general concerns regarding the coronavirus due to allegedly inadequate social distancing measures, personal protective equipment, and proper cleaning within his facility FCI Oakdale. *Id.* at 8-12. Mr. Garrett also alleges that extraordinary circumstances warrant his release because the

government breached the plea agreement by failing to bring Mr. Garrett's substantial assistance to the Court's attention. *Id.* at 7-8.

The government opposes the motion on the grounds that Mr. Garrett has failed to exhaust his administrative remedies and failed to establish that he meets the criteria necessary to justify compassionate release. R. Doc. 926.

### III. LAW & DISCUSSION

#### a. *Exhaustion Requirements*

Title 18, United States Code § 3582(c), governing compassionate release, provides:

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c).

The statute clearly provides that inmates must pursue their administrative remedies before seeking judicial relief. *See also* 28 C.F.R. § 571.60-571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(A)). In other words, to fully exhaust remedies within the BOP, a defendant must properly submit a request to the warden for compassionate release and complete the relevant appeal procedures. *See e.g., United States v. Wills*, No. CR 09-0166, 2020 WL 5073663, at *3 (E.D. La. Aug. 26, 2020) (Feldman, J.); *United States v. Delco,* No. 09-57, 2020 WL 4569670, at *4 (E.D. La. Aug. 7, 2020)(Ashe, J.) (concluding that "it is precisely because the warden denied the defendant's ... request within 30 days after its submission that he has not exhausted his administrative remedies[; the defendant has failed to] show that he has fully exhausted his administrative rights to appeal the warden's denial of his request through the BOP's Administrative Remedy Procedure[.]"); *United States v. Ellis*, No. 13-286, 2020 WL 4050409, at

\*2 (E.D. La. July 20, 2020) (Vance, J.) (citing the statute and district court case literature supporting a finding that the defendant must appeal any formal BOP decision in order to exhaust his administrative remedies).

In *United States v. Franco*, the Fifth Circuit emphasized that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." 973 F.3d 465, 468 (5th Cir. 2020). Further, the Fifth Circuit held that the exhaustion requirement is a "mandatory claim-processing rule." *Id.* at 468; *see also*, *United States v. Lee*, No. CR 17-204, 2020 WL 3490437, at \*2 (E.D. La. June 26, 2020) ("[T]his Court agrees with the position taken by other sections of the Eastern District of Louisiana, i.e. that failure to meet the so-called "exhaustion" requirements of 3582(c)(1)(A) forecloses the avenue to relief."); *United States v. Nevers*, No. CR 16-88, 2020 WL 3077034, at \*3 (E.D. La. June 10, 2020) ("Section 3582(c)(1)(A)'s exhaustion requirement is mandatory and does not enumerate any exceptions.").

Similarly, Courts in other jurisdictions have also concluded that a defendant must comply with the statutory text of § 3582(c)(1)(A) before filing a motion with the sentencing court, even in light of the ongoing global outbreak of COVID-19. *See United States v. Alam,* 960 F.3d 831, 833–34 (6th Cir. 2020) (holding the mandatory condition of exhaustion requires an inmate to "fully exhaust all administrative rights to appeal with the prison or wait 30 days after his first request."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (concluding that defendant must comply with the § 3582(c)(1)(A) requirement that the BOP have 30 days to consider his request for compassionate release, or that he receive an adverse decision by the BOP constituting administrative exhaustion during that time period).

*b. Discussion*

The exhaustion requirement does not appear to be satisfied here, as Mr. Garrett has not properly presented an internal request for release to his warden to start the 30-day clock, nor has he otherwise exhausted his administrative remedies. Mr. Garrett did not provide sufficient information to the warden of his facility before filing his internal petition for compassionate release. *See* R. Doc. 926-1. Specifically, Mr. Garrett failed to provide the warden with a release plan or how he will support himself, which his request must contain "at a minimum" pursuant to the implementing regulations. *Id.*; *see* 28 CFR § 571.61. In fact, BOP Policy Statement 5050.50 provides that a request to the Warden must meet these requirements to be "considered 'submitted' for the purposes of 18 USC §3582 (c)(1)." In addition, Mr. Garrett has not identified any medical condition that places him at high risk if he were to contract COVID-19. If the basis for the petition involves the Mr. Garrett's health, it must also include "information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 CFR § 571.61.

The Court agrees with the government that the petition was not properly brought before the warden. R. Doc. 926 at 4. Mr. Garrett has not attempted to complete his internal request by providing the requisite information as called for in the warden's response. Although Mr. Garrett filed an addendum with the Court noting that his father has offered him to live with him in Texas, there is no indication that this information was presented to the warden for his consideration. R. Doc. 925 at 3. Additionally, even if his request were properly before the Warden, there is no evidence that Mr. Garrett followed the Administrative Remedy process set forth in the Warden's response. R. Doc. 926-1. Accordingly, the Court concludes that Mr. Garrett, who bears the burden of proof on this issue, has not demonstrated that he is entitled to seek relief from the Court at this juncture.

Efficient use of judicial resources dictates that BOP evaluate the merits of Mr. Garrett's request for compassionate release based on the required information before directing the motion to the Court. BOP is in the best position to understand both the specific threat posed to Mr. Garrett health by the COVID-19 within the facility and the potential consequences of his early release. While the Court acknowledges the urgency of Mr. Garrett's request, it lacks the authority to defy the statutory mandate.

### IV.    CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Mr. Garrett's motion for compassionate release, R. Doc. 923, is **DENIED** without prejudice to his right to re-file the motion once the applicable administrative remedies have been exhausted.

New Orleans, Louisiana this 12th day of January, 2021.

_____
Eldon E. Fallon
United States District Judge