UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| **VERSUS** | * | **NO. 13-151** |
| **RICHARD GARRETT** | * | **SECTION L** |

## ORDER & REASONS

Before the Court is Defendant Richard Garrett's *pro se* "Emergency Motion for Reduction in Sentence Pursuant [to] 18 U.S.C. [§] 3582(c)(1)(A)(i)." R. Doc. 944. Having considered the briefing and the applicable law, the Court now rules as follows.

I.   BACKGROUND

On January 24, 2014, Defendant Richard Garrett appeared before the Court and pleaded guilty to Count 1 of a Superseding Indictment, which charged him with conspiracy to distribute and to possess with the intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846. R. Docs. 15, 173.

On October 2, 2014, Garrett was sentenced to 120 months in the custody of the Bureau of Prisons ("BOP"). R. Doc. 380 at 2. He was also sentenced to a five-year term of supervised release. *Id.* at 3. Garrett was released from BOP custody on April 21, 2022, whereupon his term of supervised release commenced. *See* BUREAU OF PRISONS, http://www.bop.gov/inmateloc (last accessed June 8, 2022); R. Doc. 944 at 1.

II.   PRESENT MOTION

Defendant Garrett's pending *pro se* motion purports to seek a reduction in sentence under 18 U.S.C. § 3582(c). R. Doc. 944. In support, Garrett asserts that the government violated the terms of his plea agreement. *Id.* at 2. Although Garrett assisted the government by submitting to

1

multiple interviews and testifying before a grand jury, the government, according to Garrett, failed to uphold its end of the bargain: it did not bring to the Court's attention the cooperation he rendered prior to sentencing, as mandated by the terms of the plea agreement. *Id.* at 2-3. Garrett also states that he "didn't enter a plea agreement based on facts about my charge because I didn't have any [*sic*], but I entered the plea agreement because of what the government 'agreed' to do on my behalf." *Id.* at 2. Finally, Garrett contends that he is eligible for a reduction in sentence under the First Step Act and that he should receive a 2-point reduction in sentence based on an amendment to the United States Sentencing Guidelines that took effect in November 2014, one month after his sentencing. *Id.* at 3.

### III. DISCUSSION

Garrett seeks a reduction in his sentence. R. Doc. 944. Under 18 U.S.C. § 3582(c)(1)(A), a court, "upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] . . . if it finds that extraordinary and compelling reasons warrant such a reduction." As Garrett notes in his motion, he is "no longer in BOP custody." R. Doc. 944 at 1. Because Defendant is no longer incarcerated, the Court cannot possibly reduce his term of imprisonment. In other words, Garrett's sentence of imprisonment cannot be reduced because Garrett is no longer imprisoned. His motion seeking a reduced sentence is therefore moot. *See United States v. Wade*, 533 F. App'x 491 (5th Cir. 2013) ("'Where a defendant has begun serving a term of supervised release, the appeal of the denial of his § 3582(c)(2) motion is moot.'" (quoting *United States v. Booker,* 645 F.3d 328 (5th Cir. 2011)).

To the extent that Garrett's *pro se* motion to reduce his sentence could be construed as a motion for early termination of supervised release, the request must be denied.[1] Under 18 U.S.C. § 3583(e)(1), a district court may terminate supervised release at any time after one year of supervised release if, after considering factors listed in 18 U.S.C. § 3553(a)[2], "it is satisfied that such an action is warranted by the conduct of the defendant released and the interest of justice." At this point, Garrett has been on supervised release for less than two months. He is therefore ineligible for the relief authorized by 18 U.S.C. § 3583(e)(1).

Finally, insofar as Defendant contends that the Government failed to meet its obligations under the plea agreement or that he is not in fact guilty of the offense to which he pleaded guilty, the Court observes that Defendant has not sought habeas relief under 28 U.S.C. § 2255. Furthermore, such an avenue for relief is almost certainly foreclosed under the applicable limitations provisions of the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2255(f) (stating that a 1-year limitations period applies to the latest of, among other things, "the date on which the judgment of conviction becomes final").

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motion for a reduction in sentence, R. Doc. 944, is **DENIED** for the reasons stated herein.

---

[1] The Court liberally construes Garrett's *pro se* filings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need to deter criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and sentencing range established; pertinent policy statements by the Sentencing Commission; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to any victims of the offense.

New Orleans, Louisiana, this 9th day of June, 2022.

                                                                                          _____
                                                                                          UNITED STATES DISTRICT JUDGE