UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES | * | CIVIL ACTION |
| VERSUS | * | NO. 13-151 |
| RICHARD GARRETT | * | SECTION L |

### ORDER & REASONS

Before the Court is a motion seeking early termination of supervised release filed by Defendant Richard Garrett. R. Doc. 969. The Government opposes the motion. R. Doc. 972. Having considered the briefing and the applicable law, the Court rules as follows.

### I.     BACKGROUND

On January 24, 2014, Richard Garrett appeared before the Court and pleaded guilty to Count 1 of a Superseding Indictment, which charged him with conspiracy to distribute and to possess with the intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846. R. Docs. 15, 173.

On October 2, 2014, Garrett was sentenced to 120 months in the custody of the Bureau of Prisons ("BOP"). R. Doc. 380 at 2. He was also sentenced to a five-year term of supervised release. *Id.* at 3. Garrett was released from BOP custody on April 21, 2022, whereupon his term of supervised release commenced. R. Doc. 944 at 1.

### II.    PRESENT MOTION

In the instant motion, Garrett argues that that, since being placed on supervised release, he has maintained his employment and residence, has not tested positive for any narcotics, and has furthered his education. R. Doc. 969 at 2. He notes that he was only a teenager at the time of his

conviction and that he was a first-time non-violent offender. *Id.* He also contends that he is facing barriers in pursuing a desirable career path with the current terms of his supervised release. *Id.* Based on these facts, he asks the Court to terminate his term of supervised release, with one year and eight months completed of his five-year sentence, to help with his career aspirations. *Id.*

### III. LAW AND ANALYSIS

A district court can terminate supervised release at any time after one year if, after considering the § 3553(a) sentencing factors, "it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1).[1] District courts enjoy broad discretion in determining whether to terminate supervised release, but they have "generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination[.]" *United States v. Smith*, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014). Rather, "early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *Id.*

In the instant case, Garrett requests early termination to "secure[] a career in alignment with his current studies." R. Doc. 969 at 2. He is currently pursuing an associate's degree in Cyber Security. *Id.* He has completed over a year of his supervised release and been largely compliant without issue.[2] He has also maintained sobriety throughout his supervised release. *Id.* Judges in the Eastern District, however, have rejected motions to terminate supervised release for similarly situated defendants.

---

[1] These factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to defer criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and sentencing range established; pertinent policy statements by the Sentencing Commission; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to any victims of the offense.

[2] The Government contends that Garrett failed to appear at two meetings with the United States Probation Office in May and June 2022. R. Doc. 972 at 2.

For example, in *United States v. Hayes*, the defendant petitioned for termination of a five-year term of supervised release after completing forty months—more than Garrett has served. No. 01-311, 2013 WL 5328874, *1, *1 (E.D. La. Sept. 20, 2013). Although the defendant in that case "turned his life around and recognizes the benefits of a crime-free life," the Court denied the defendant's motion because the defendant did "not present any extraordinary circumstances which would merit the termination of his supervised release." *Id.* at *1. Considering the nature of the defendant's underlying drug offense, it further reasoned that early release was not justified because the defendant was "merely abiding by the terms of his supervised release." *Id.*

While Garrett was sentenced for a non-violent crime in this case, this district does not take nature of drug offenses—especially those engaging in a conspiracy—lightly. *See id*. (finding that "conspiracy. . . to distribute crack cocaine" as a "serious crime"). Further, Garrett does not argue that he will experience any particular hardship should his supervised release continue. Accordingly, the Court will deny the motion, but commends Garrett for complying with the terms of his supervised release, his success in his academic studies, and encourages him to continue on this positive path. The Court additionally notes that Garrett may file a motion to modify the terms of his supervised release that identifies specific terms that cause him hardship for his career, and request modifications tailored to those terms.

IV.   CONCLUSION

For the foregoing reasons, Richard Garrett's Motion for Early Termination of Supervised Release, R. Doc. 969, is **DENIED** without prejudice.

New Orleans, Louisiana this 13th day of December, 2023.

_____
United States District Judge